***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner Rowell and the briefs and arguments of the parties. The appealing parties have not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission adopts the Opinion and Award of Deputy Commissioner Rowell with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as: *Page 2 
 STIPULATIONS
1. It is stipulated that all parties are properly before the North Carolina Industrial Commission;
2. At all times relevant to this claim, an employment relationship existed between Plaintiff and Employer-Defendant.
3. Gallagher-Bassett Services, Inc. was the servicing agent for Westport Insurance Company, the carrier on the risk for Employer-Defendant.
4. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
5. There are no issues as to misjoinder or nonjoinder of parties;
6. At the hearing before the Deputy Commissioner, the parties agreed to bifurcate this matter for hearing, and limit the issues of this hearing to whether Plaintiff was acting in the course and scope of his employment at the time of his injury by accident.
7. The parties stipulated into evidence Stipulated Exhibit #1, as referenced in the table of contents, including the Pre-Trial Agreement, as modified and initialed by the parties.
 ***********
Based upon all of the competent credible evidence in the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was employed by Defendant-Employer from November 2004 until April 23, 2005, as a motorcycle parts and accessories salesperson. His job duties required him to be present at the dealership to respond to telephone, Internet and "in person" inquiries about part and accessory sales. *Page 3 
2. Defendant-Employer began as a family business 1976 in Wilmington, North Carolina. Scott Britt purchased the business from his father in 1984 and operates three dealerships in Wilmington, Jacksonville, and Morehead City, North Carolina. Defendant-Employer sells thousands of motorcycles, ATVs and other items every year. Its inventory consists of Yamaha and Kawasaki motorcycles and custom motorcycles which it builds from the ground up or by modifying stock motorcycles.
3. On Saturday, April 23, 2005, Plaintiff worked his normal hours at Defendant-Employer' Wilmington, North Carolina dealership and clocked out at approximately 5:30 PM as indicated by his electronic timecard.
4. Plaintiff drove home from work at Defendant-Employer riding the custom motorcycle customized by his employer. Scott Britt testified, and the Full Commission finds as fact, that Plaintiff was not given permission or instructed to take the custom motorcycle from Defendant-Employer for any purpose.
5. Debbie Britt, Finance Director for Defendant-Employer, and sister of the owner, Scott Britt, testified that she, Jackie Anderson and Jody Stanley had standing plans to meet Plaintiff and Lisa Gibson at T-Bones later that evening to have drinks and listen to bands inside the bar. This was a purely social activity and without any business purpose. She spoke with Plaintiff via telephone at approximately 7:00 PM on April 23, 2005, to confirm these plans.
6. Jackie Anderson testified that the purpose of the meeting at T-Bones bar was to listen to bands. Anderson's testimony corroborates Debbie Britt's testimony.
7. On April 23, 2005, Plaintiff left his residence driving the custom motorcycle owned by Defendant-Employer with Lisa Gibson as his passenger, and collided with another *Page 4 
vehicle. He sustained serious injuries in the collision, including skull fractures and the loss of both eyes and a leg. Gibson was killed.
8. The overwhelming weight of the evidence indicates that Plaintiff intended to purchase for his personal use the custom motorcycle that he was riding at the time of his accident. This evidence comprises the testimony of witnesses Scott Britt, Debbie Britt, George Reaves and Defendants' Exhibits 1-4 which show that Plaintiff had applied for and been approved for a loan to finance the purchase of the motorcycle at issue.
9. On April 13, 2007, Plaintiff filed Form 18 alleging that his injuries resulting from the April 23, 2005, motorcycle accident arose out of and in the course of his employment by Defendant-Employer.
10. While Defendant-Employer was aware of the motorcycle accident, Scott and Debbie Britt testified that Defendant-Employer did not learn of Plaintiff's allegations that the injuries he sustained as the result of the motorcycle accident were work-related, or that Plaintiff was initiating a workers' compensation claim until its receipt of the letter and Industrial Commission form almost two years after the injury. Plaintiff offered no evidence to rebut Defendants' assertion that he failed to give timely notice.
11. The Full Commission finds as fact that Plaintiff is without reasonable excuse for failing to provide timely notice of his alleged work-related injuries. The uncontested evidence indicates that Plaintiff was in close contact with his employers during the months following his accident as they visited him in the hospital and at his brother's home, and allowed him to be present at the dealership. Plaintiff had ample opportunity to give notice and was not prevented from doing so for any reason. *Page 5 
12. Defendants contend that they were materially prejudiced by Plaintiff's failure to provide timely notice in as much as they were deprived of the ability to identify and produce witnesses and documentary evidence due to the passage of time.
13. Plaintiff testified that at the time of his accident he was in route to T-Bones bar so that he could display the custom motorcycle at a "biker appreciation" event and possibly attract a buyer for the mutual benefit of himself and his employer. The Full Commission finds that Plaintiff's testimony regarding his intentions is not credible for many reasons set forth more fully below.
14. Scott Britt testified in detail, and the Full Commission finds as fact, that Mr. Britt maintained strict control of marketing efforts at Defendant-Employer and that employees were not authorized to remove motorcycles from the premises for or otherwise engage in unauthorized marketing activity. This control was important to protect his well established reputation in the business and motorcycle communities, and to protect his brand. Mr. Britt did not direct, encourage or permit Plaintiff to travel to T-Bones for any purpose.
15. Scott Britt testified that some employees were permitted to test drive custom motorcycles as a normal part of the build process to identify and repair problems, or afterward in the event of a suspected problem. Plaintiff acknowledged in his hearing testimony and deposition testimony that his right to take custom motorcycles from the dealership was so limited. Plaintiff should not have been on the motorcycle at the time of the accident.
16. Plaintiff was not test driving the custom motorcycle at the time of the accident according to his own testimony and that of his employer. The motorcycle had no known or suspected mechanical problems. Plaintiff knew that removing the motorcycle from the *Page 6 
dealership for a purpose not related to a legitimate test drive was in violation of his employer's policy and his job description.
17. The Full Commission finds as fact that Plaintiff took the custom motorcycle from his employer's premises because he believed it to be, for all practical purposes, his motorcycle. He had been approved for a loan and almost completed the formalities of purchasing the motorcycle. He would have completed the purchase but for his accident. In light of the foregoing, his claim that he intended to attract a buyer for the motorcycle is not credible.
18. Jason Jones and Danny Shreve testified, and the Full Commission finds as fact, that the motorcycle-related activity at T-Bones on April 23, 2005, consisted of a fundraiser for the Red Devils motorcycle club. Outside activity was limited to a motorcycle stunt show in the afternoon with one or two tables selling T-shirts and novelties. Bands played inside the bar. All activity related to the fundraiser concluded on schedule at approximately 5:30 PM so as not to interfere with T-Bones regular evening business. There was no motorcycle show or display at either the afternoon fundraiser or in the evening at T-Bones.
19. The overwhelming weight of the evidence indicates, and the Full Commission finds as fact, that Defendant-Employer did not participate in or facilitate any activity at T-Bones on April 23, 2005. No employees, motorcycles or marketing materials were present on behalf of Defendant-Employer. Plaintiff was not directed to go to T-Bones by his employer.
20. The fundraiser concluded at or about the time Plaintiff left work at Defendant-Employer and almost two hours before the motorcycle accident.
21. Scott Britt and Jason Jones testified, and the Full Commission finds as fact, that it would be inappropriate and unreasonable to market Britt custom motorcycles to members of the Red Devils motorcycle club and others at T-Bones. This was so because it was well known that *Page 7 
those groups prefer Harley-Davidson motorcycles and are not interested in the Japanese motorcycles sold by Defendant-Employer. To display a Britt custom motorcycle at T-Bones on the afternoon or evening of April 23, 2005, would not have directly or indirectly benefited or furthered Defendant-Employer's business.
22. Danny Shreve testified, and the Full Commission finds as fact, that there was no lighting to accommodate a motorcycle display or outdoor activity outside of T-Bones in the evening. Plaintiff could not have displayed the motorcycle in a manner to benefit his employer even if it had been his purpose to do so.
23. Plaintiff alleges that he was en route to a large "biker appreciation" event at the time of his accident; however, the overwhelming weight of the evidence indicates that no such activity occurred or was ever scheduled.
24. Plaintiff's conduct on the evening of April 23, 2005, was not authorized by his employer and did not, and could not have, furthered his employers' business.
25. Debbie Britt testified, and the Full Commission finds as fact, that Defendants' Exhibits 1-4 are authentic documents kept in the regular course of business by Defendant-Employer.
26. Plaintiff's April 23, 2005, motorcycle accident and his resulting injuries did not arise out of or in the course of Plaintiff's employment by Defendant-Employer.
 *********** *Page 8 
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Plaintiff's claim must be DENIED because his injuries are not the result of an accident arising out of and in the course of his employment by Employer-Defendant. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff failed to provide timely notice of his alleged work-related injuries as required by N.C. Gen. Stat. § 97-22.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission makes the following:
 AWARD
1. Plaintiff's claim for workers compensation benefits is hereby DENIED.
2. Each side shall bear its own costs.
This the 1st day of March, 2010.
S/___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER *Page 9 
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER